267 F.2d 577
 Alexander L. VINCZE, an Individual; O. K. Transfer Co., a Corporation; Pioneer Truck Rentals, Inc., a Corporation; and Drivers Service, Inc., a Corporation, Appellants,
v.
INTERSTATE COMMERCE COMMISSION, Appellee,
Bend-Portland Truck Service et al., Intervenor-Appellees.
 No. 16327.
 United States Court of Appeals Ninth Circuit.
 June 17, 1959.
 
 John M. Hickson, C. J. Stocklen, Portland, Or., R. B. Maxwell, Klamath Falls, Or., for appellants.
 William L. Harrison, Attorney, Interstate Commerce Comm., San Francisco, Cal., C. E. Luckey, U. S. Atty., Robert R. Carney, Asst. U. S. Atty., Portland, Or., William Adams, Portland, Or., for appellees.
 Before HEALY and HAMLIN, Circuit Judges, and WOLLENBERG, District Judge.
 PER CURIAM.
 
 
 1
 The only question before this Court is whether or not there is sufficient evidence in the record to sustain the district court's order enjoining the defendants from engaging in common or contract carriage in interstate commerce without a certificate or permit as required by 49 U.S.C.A. §§ 306(a) and 309(a). F.R.Civ.P. 52(a), 28 U.S.C.A.
 
 
 2
 The record discloses sufficient evidence to justify the conclusion that the defendants, acting in concert, are a single operating company engaged in interstate commerce in violation of §§ 306(a) and 309(a). The evidence briefly stated is as follows: The individual defendant, Alexander L. Vincze, was one of the original incorporators of both corporate defendants, Pioneer Truck Rentals (hereafter called "Pioneer"), and Drivers Service (hereafter called "Drivers"). He held 98% of the stock of each of these corporations until six months subsequent to the commencement of this action. At that time Mr. Vincze, while still retaining his 98% of the stock of Pioneer, transferred his stock interest in Drivers to Grant Beeney, a former Pioneer employee. Mr. Beeney, after assigning the Drivers stock to Lorne Pratt, also a former Pioneer employee, is once again employed by Pioneer. Pioneer leases trucks to prospective shippers. Drivers furnishes the truck drivers to operate these trucks. Some of the trucks leased by Pioneer are in turn leased to Pioneer by the owner-operators who are employed by Drivers. Defendant O. K. Transfer Company is the owner of certain equipment and has from time to time permitted use of its equipment by the other defendants. Mr. Vincze is the principal stockholder of O. K. Transfer Company. Both Pioneer and Drivers share a single office at Portland and Klamath Falls, Oregon, and Los Angeles, California. Only Pioneer has a telephone listing at the above cities. The solicitation of prospective shippers is done by Pioneer employees who offer the facilities of both Pioneer and Drivers. Drivers' employees ordinarily sign both the Pioneer's (truck lease) and the Drivers' (services of the truck driver) contracts at the time and place of pickup, which is usually the shipper's place of business. The truck drivers (Drivers' employees) are hired, fired, dispatched, and otherwise under the control and direction of Mr. Vincze or other Pioneer employees. Pioneer hired Drivers to perform its clerical and accounting work. Since Pioneer does not have any employees in Klamath Falls, Mr. Pratt, president of Drivers, handles operations for Pioneer in that city. Drivers does not have any employees at Portland or Los Angeles. Certain employees are authorized to draw checks on the account of both corporations.
 
 
 3
 The brief resume of facts set forth above is typical, but by no means exhaustive, of the evidence supporting the conclusion that A. L. Vincze dominates and controls the operations, personnel, and facilities of Pioneer and Drivers, which, in fact, form a single operating unit carrying on the business of a common or contract carrier. The facts conclusively demonstrate that the services and facilities of Pioneer and Drivers are intended to be, and in fact are mutually dependent. This is clearly illustrated by the fact that no shipper has ever attempted to use the services of Drivers independently of the services of Pioneer.
 
 
 4
 The Interstate Commerce Act is designed to regulate all persons who engage as interstate common or contract carriers for the transportation of property. Compliance with the Act can not be evaded by the mere use of form where, as here, the substance and effect of the scheme bring it within the Act's purview. A subterfuge such as is shown here can not prevail.
 
 
 5
 The decision of the district court is affirmed.